RALPH E. SHARP, JR., Corporation Counsel Dodge County
This is in response to your request for an opinion on the meaning of the phrase "recognized ability and demonstrated interest" in section 51.42(4)(b)1., Stats.
Section 51.42(4)(b)1. deals with the composition of the County Community Program Board (the "51.42 Board" or Board), and provides that in a single-county department of community programs, the 51.42 Board shall be composed of:
 [P]ersons of recognized ability and demonstrated interest in the problems of the mentally ill, developmentally disabled, alcoholic or drug dependent persons and shall have representation from the interest group of the mentally ill, the interest group of the developmentally disabled, the interest group of the alcoholic and the interest group of the drug dependent.
Your letter states that a question has arisen regarding the appointment to the 51.42 Board in your county of a person who, as a member of the county board, has served on a number of committees including the Social Services Board, but who "does not have any member of his immediate family, or as far as I have been able to discover, any person in his extended family who is developmentally disabled." The question thus is whether this individual has the requisite "recognized ability and demonstrated interest."
The language in question is not defined in the statutes nor case law. Its plain meaning, therefore, is its legal meaning. In my opinion, resort to a dictionary (usually necessary to discern plain meaning) is not even necessary to define the terms recognized *Page 57 
ability and demonstrated interest; their meaning seems self-evident. The more difficult question is who is the one who must recognize a prospective appointee's ability and to whom must the prospective appointee's interest have been demonstrated, in order to qualify that individual for an appointment to the 51.42 Board? In other words, are a prospective appointee's recognized ability and demonstrated interest objective determinations, which would suggest that a person's qualifications could be challenged and judged by some weighing of evidence, or are the criteria evaluated by subjective standards?
In my opinion, the appointing authority (either the county executive or the county board of supervisors, depending upon the county) is vested with the discretion to appoint individuals whom he/she/it subjectively believes are qualified; that is, persons whom the appointing authority recognizes as able and persons who have demonstrated their interest in the work of the 51.42 Board. No one else need be satisfied.
In Pawlisch v. Barry, 126 Wis.2d 162, 376 N.W.2d 368 (Ct.App. 1985), the court held that by enacting a statute empowering county executives to make appointments to boards of health with no qualification other than "broad social viewpoint" and "serious interest in [community] health protection," "[t]he legislature must have intended [the county executive] to apply his judgment as to which members would reflect his social policy." Id. at 167. This is a strong statement of the power of appointing officials to make executive appointments unrestrained unless otherwise restricted by the terms of the statute, according to their own personal criteria. Therefore, it is up to the appointing authority to select persons whom it recognizes and who have demonstrated to it an ability and interest in the problems of mentally ill, developmentally disabled, alcoholic and drug dependent persons. How ability and interest are to be gauged is for the appointing authority to decide.
The statute also requires that the 51.42 Board "shall have representation from the interest group" of the groups served by *Page 58 
the Board. The term "interest group" is undefined. It probably does not require that mentally ill, developmentally disabled, alcoholic and drug dependent persons be appointed as members of the Board (although certainly they are eligible). It must, therefore, refer to those individuals who, to the satisfaction of the appointing authority, are able and interested in the problems of the particular group.
One may ask if to be eligible, even a demonstrably interested and recognized-as-able person has to be a member of an organization (such as the Alliance for the Mentally Ill). I would say not. The dictionary defines an "interest group" as "a group of persons having a common identifying interest that often provides a basis for action." Webster's Ninth New Collegiate Dictionary 631 (1984). A "group" can be "a number of individuals . . . having some unifying relationship." Id. at 539. Thus, one need not be a member of any particular organization.
To summarize, subject to the statute's other requirements, the appointing authority can select anyone whom he/she/it recognizes or believes to be able to address the problems of one or more of the groups of persons served by the 51.42 Board and who has demonstrated to the appointing authority's satisfaction that ability, regardless of a third person's opinion and regardless of whether or not the prospective appointee is formally affiliated with a particular organization. In other words, the appointing authority can appoint anyone who, in its subjective opinion, is interested in and able to address the problems of the mentally ill, developmentally disabled, alcoholic and drug dependent persons served by the Board. I do not believe that the courts would recognize any further constraints on the power of appointment.
DJH:ESM *Page 59